**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4224**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAIRO NUNEZ-SANCHEZ, a/k/a Saul Sedano, a/k/a Omar Mendez Navaro,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00353-RJC-1)

Submitted: October 28, 2011      Decided: November 10, 2011

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Travis R. Fitzwater, LAW OFFICE OF TRAVIS R. FITZWATER, Morgantown, West Virginia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jairo Nunez-Sanchez pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute heroin (Count One), possession of a firearm in furtherance of a drug trafficking crime (Count Five), and money laundering (Count Nine), in violation of 18 U.S.C. §§ 924(c), 1956(h) (2006), 21 U.S.C. § 846 (2006). He was sentenced to 228 months of imprisonment.

Nunez-Sanchez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions the four-level enhancement applied at sentencing, based on Nunez-Sanchez's leadership role in the offense. Nunez-Sanchez filed two supplemental pro se briefs raising three additional claims: (1) his plea was unknowing and involuntary; (2) Count Five of the indictment charged multiple offenses under § 924(c) and therefore was duplicitous; and (3) his money laundering conviction should be vacated in light of the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008). We affirm.

Counsel challenges the district court's application of the four-level enhancement based on its finding that Nunez-Sanchez exercised a leadership role in the underlying conspiracy. Specifically, counsel asserts that the facts did

2

not support the enhancement and that application of the enhancement violates the rule announced in United States v. Booker, 543 U.S. 220 (2005).

We review the district court's decision to apply a sentencing adjustment based on the defendant's role in the offense for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). Under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2006), an offense level is enhanced four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." We find, based on our review of the record, no clear error in the district court's conclusion that the enhancement was appropriate. Counsel also asserts that the district court's imposition of the enhancement, based on facts not found by the jury, violated Nunez-Sanchez's rights under Booker. This claim, too, is without merit. See Rita v. United States, 551 U.S. 338 (2007); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (noting sentencing judges may make findings of fact under a preponderance of the evidence standard "so long as [the] Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict").

In his supplemental pro se briefs, Nunez-Sanchez first asserts that his plea was unknowing and involuntary. We find

this claim belied by the amended transcript of the Fed. R. Crim. P. 11 hearing.

Because Nunez-Sanchez did not move in the district court to withdraw his guilty plea, the Rule 11 proceeding is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). The record establishes that the district court fully complied with Rule 11 in accepting Nunez-Sanchez's guilty plea. The court ensured, through an interpreter, that Nunez-Sanchez understood the charges against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we find that the district court did not plainly err in accepting Nunez-Sanchez's plea as knowingly and voluntarily entered.

Next, Nunez-Sanchez argues that Count Five of the indictment was duplicitous because it charges two separate offenses under 18 U.S.C. § 924(c)(1). However, a valid guilty plea waives all antecedent nonjurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Defects in the indictment are not jurisdictional. United States v. Cotton, 535 U.S. 625, 631 (2002). Accordingly, Nunez-Sanchez's valid guilty plea waives his claim that the indictment was defective.

Next, Nunez-Sanchez challenges the validity of his money laundering conviction in light of <u>Santos</u> (interpreting "proceeds" to mean "profits" in the context of an underlying illegal gambling conviction). We decline to so extend the holding in <u>Santos</u>.

Pursuant to <u>Anders</u>, we have carefully reviewed the record for reversible error and have found none. We therefore affirm Nunez-Sanchez's conviction and sentence. This court requires that counsel inform Nunez-Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Nunez-Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nunez-Sanchez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5